Kaba **KARAMO,** Plaintiff–Appellant,

v.

**T.L. HINES, et al.,** Defendants–Appellees.

No. 00–1980.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 16, 2001.*

Decided Oct. 30, 2001.

Before BAUER, EASTERBROOK and EVANS, Circuit Judges.

### Order

In this *Bivens* action Kaba Karamo, a federal prisoner, seeks damages from several guards who, Karamo asserts, assaulted and shackled him without cause, leaving him helpless (and in diapers) for days at a time in a chilly cell. The guards asked the district court to dismiss the suit under 42 U.S.C. § 1997e(a), because Karamo did not use his administrative remedies; failing this, the defendants contended, they are entitled to summary judgment. Despite *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 536 (7th Cir.1999), which holds that § 1997e(a) must be addressed ahead of the merits, the district judge did not mention this statute and went directly to the motion for summary judgment. After making lengthy "findings of fact" the court concluded that Karamo had not established any basis for relief and entered judgment for the defendants.

*Perez* holds that the exhaustion requirement of § 1997e(a) is not a jurisdictional rule but that, if the defendants invoke this statute, its application must precede the merits. Although defendants relied on § 1997e(a) in the district court, they have not mentioned it here, so we are not obliged to tackle the question whether exhaustion is required when the plaintiff contests individual acts by the guards rather than conditions applicable to many prisoners at once. The operation of § 1997e(a) to person-specific claims is a subject before the Supreme Court in *Porter v. Nussle*, cert. granted, —— U.S. ——, 121 S.Ct. 2213, 150 L.Ed.2d 207 (2001). It makes sense to resolve Karamo's suit, if possible, in a way that will be unaffected by the outcome of that pending case—and it is possible to do this despite the "findings of fact" that are out of place when dealing with a motion for summary judgment.

Karamo contends that, taken in the light most favorable to him as the party opposing summary judgment, the facts would allow a jury to find that he was repeatedly set upon and assaulted for no good reason and left in handcuffs and leg irons for lengthy periods. His principal problem,

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

however, is that this litigation is not his first opportunity to tell this story. Each incident of which Karamo complains was followed by prison discipline. In each case the guards alleged that it was Karamo who engaged in assault (by, for example, hurling urine and feces, or kicking them when they tried to search his cell). Each time the prison's disciplinary board sustained the charge and ordered additional detention in restraints as one of the penalties. Thus this suit is an effort to obtain damages on the premise that the findings of the disciplinary board are incorrect, something that is not possible as long as a direct challenge to the board's conclusions is (or would have been) possible. See *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); cf. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Damages could be available, at least in theory, if a prisoner never had an opportunity to obtain judicial review of the disciplinary decisions, see *DeWalt v. Carter*, 224 F.3d 607 (7th Cir.2000), or if the claims raised in court concern events outside the scope of the disciplinary process. But Karamo's appellate brief does not make any effort to show that these exceptions to *Edwards* are available to him. Instead he ignores that case. His brief also does not comply with Circuit Rule 28(c): "The statement of facts required by Fed. R.App. P. 28(a)(7) shall be a fair summary without argument or comment. No fact shall be stated in this part of the brief unless it is supported by a reference to the page or pages of the record or the appendix where that fact appears." His statement of facts is one-sided and does not contain a single record citation. This makes it difficult for us to determine whether any exception to *Edwards* is potentially applicable. Appellate judges need not scourge the record to seek a basis for arguments that the parties

did not advance. Thus we conclude that *Edwards* bars all of Karamo's claims.

AFFIRMED